UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON HARRIS, | ) |
| | ) |
| PLAINTIFF, | ) |
| V. | ) |
| | ) CIVIL ACTION NUMBER: |
| UPSTATE MANAGEMENT SERVICES, LLC, | ) |
| | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S COMPLAINT**

1. This is an action brought by the Plaintiff, Shannon Harris, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227b(3). Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

**PARTIES**

3. The Plaintiff, Shannon Harris ("Plaintiff"), is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

4. The Defendant, Upstate Management Services, LLC ("UMS" or "Defendant"), is a New York corporation, and was, in all respects and at all times relevant herein, doing business

in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

5. The Defendant uses telephone communications in its business.

6. The principal purpose of the Defendant's business is the collection of debts.

7. The Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due to another.

8. The Defendant is a debt collector subject to the provisions of the FDCPA.

9. The alleged debt of the Plaintiff claimed by the Defendant was incurred for personal, family, or household services, and is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

10. In the course of attempting to collect a debt allegedly due from the Plaintiff to a business not a party to this litigation, the Defendant communicated with the Plaintiff in a manner which violated the FDCPA.

11. UMS assigned reference number 417979 to Plaintiff's account.

12. On at least two (2) occasions since December 2013, the Defendant left voice messages on the Plaintiff's wireless telephone voice mail box.

13. These two (2) voice messages were the initial contacts between UMS and Plaintiff.

14. Both messages were left by a UMS agent self-identified as Chase.

15. The communications did not state that the call was from a debt collector.

16. The communications did not state that the call was an attempt to collect a debt, and that any information obtained would be used for that purpose.

17. In addition, in both messages, UMS attempted to deceive Plaintiff into thinking there was a pending court action against him and to convey a false sense of urgency as evidenced by Chase stating that UMS had a "certified notice for [Plaintiff] to appear" and that Chase would "see Plaintiff on December 11."

18. The actions of the Defendant were done willfully, knowingly, and with the intent to entice Plaintiff to pay to prevent unfavorable court action.

19. As a result of the Defendant's actions, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

20. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

21. The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff's alleged consumer debt.

22. The Defendant failed to disclose his/her identity in violation of § 1692d(6).

23. Defendant failed to disclose in subsequent communications that the communication is from a debt collector and failed to give the required warnings, in violation of 15 U.S.C. § 1692e(11).

24. The Defendant used false, deceptive, and misleading representations with the collection of the debt in violation of § 1692e, in particular § 1692e(2) and § 1692e(5).

25. The Defendant violated 15 U.S.C. § 1692f by using an unfair means to collect or attempt to collect the alleged debt.

26. As a result of the Defendant's actions, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENCE

27. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

28. The Defendant was under a duty to follow the FDCPA and other applicable state laws in its communications with Plaintiff.

29. The Defendant breached that duty by contacting and communicating with Plaintiff in an illegal manner.

30. As a result of the Defendant's actions, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## NEGLIGENT TRAINING AND SUPERVISION

31. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

32. The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

33. The Defendant knew or should have known that said conduct was improper.

34. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

35. The Defendants negligently failed to train and supervise collectors on the FDCPA

36. As a result of the Defendant's actions, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## RECKLESS AND WANTON CONDUCT

4

37. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

38. The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

39. The Defendant knew or should have known that said conduct was improper.

40. The Defendant acted recklessly and wantonly in its actions against Plaintiff.

41. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

42. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

43. The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

44. The Defendant knew or should have known that said conduct was improper.

45. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

46. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

47. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT SIX
## INVASION OF PRIVACY

48. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

49. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

    Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

    15 U.S.C. § 1692(a) (emphasis added).

50. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

51. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

52. Said communications constitute the wrongful intrusion into her solitude and seclusion.

53. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages from the Defendant for the violations of the FDCPA;

C. Actual damages for the Defendant's violations of the FDCPA and state law claims;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

E. Compensatory and punitive damages against Defendants on Plaintiff's state law claims;

F. Such other relief that this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ JOHN C. HUBBARD
John C. Hubbard
ASB-8252-H46H
Attorney for Plaintiff
John C. Hubbard, LLC
PO Box 961
Pelham, AL 35124
205-378-8121 – phone
205-690-4525 – fax